CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 20 2013

JULIA A. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

PATRICIA A. SARVER,          )
                                  )     Civil Action No. 7:12CV00223
     Plaintiff,           )
                                  )
v.                            )     **MEMORANDUM OPINION**
                                  )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social Security,[1]   )     By:    Hon. Glen E. Conrad
                                  )             Chief United States District Judge
     Defendant.          )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the defendant in this suit. See Social Security Act § 205(g), 42 U.S.C. § 405(g).

The plaintiff, Patricia A. Sarver, was born on June 2, 1972, and eventually completed her high school education. Mrs. Sarver has been employed as a housekeeper, fast food worker, groundskeeper, kitchen helper, and cashier. She last worked on a regular basis in 2006. On April 29, 2008, Mrs. Sarver filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful activity on June 1, 2006 due to chronic arthritic pain. At the time of the administrative hearing, plaintiff was permitted to amend her alleged disability onset date to September 11, 2008. (TR 30). Mrs. Sarver now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act through the first quarter of 2010, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, Mrs. Sarver is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before March 31, 2010. See gen., 42 U.S.C. § 423(a).

Plaintiff's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated May 17, 2010, the Law Judge also determined that Mrs. Sarver is not disabled. The Law Judge found that plaintiff suffers several severe impairments, including fibromyalgia, generalized osteoarthritis, obesity, and anxiety disorder. Because of these conditions, the Law Judge ruled that plaintiff is disabled for all of her past relevant work roles. However, the Law Judge determined that Mrs. Sarver retains sufficient functional capacity for a limited range of sedentary activity. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined

in 20 CFR 404.1567(a) and 416.967(a) except she is moderately limited in her ability to deal with stress of semiskilled and skilled work; travel in unfamiliar places; use public transportation; maintain attention for two hour segments; sustain an ordinary routine without special supervision; work in coordination with or in proximity to others without being unduly distracted; complete a normal workday and workweek without interruptions from psychologically based symptoms; perform at a consistent pace without an unreasonable number and length of rest periods; get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; respond appropriately to changes in a routine work setting; understand, remember, and carry out very short and simple and detailed instructions; set realistic goals or make plans independently of others; interact appropriately with the general public; make simple work-related decisions; ask simple questions or request assistance; and maintain socially appropriate behavior. (for purposes of this mental residual functional capacity statement, "moderate" is defined as "means moderate limitation in this area, but the individual is still able to function satisfactory (sic)", as adapted from Exhibit 9F categories and definitions).

(TR 13-14).  Given such a  residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mrs. Sarver retains sufficient functional capacity to perform several specific sedentary work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to benefits under either federal program.  See 20 C.F.R. §§ 404.1520(g) and 416.920(g).  The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council.  Having exhausted all available administrative remedies, Mrs. Sarver has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment.  See 42 U.S.C. §§ 423(d)(2) and 1382c(a).  There are four elements of proof which must be considered in making such an analysis.  These elements are summarized as follows: (1) objective medical facts

and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Sarver suffers from a generalized pain disorder which several doctors have diagnosed as fibromyalgia. She also experiences a sleep disturbance disorder as well as a generalized anxiety disorder with elements of agoraphobia. While the medical evidence is in conflict, the court believes that there is substantial evidence to support the Law Judge's finding of residual, physical capacity for sedentary levels of activity. The evidence relating to plaintiff's nonexertional impairments presents a somewhat closer question. However, the court believes that the Administrative Law Judge properly determined that there are some conflicts in the treating psychologist's reports, and that the psychologist's findings may be reasonably read to support a finding of no more than moderate work-related emotional limitations. When asked to consider moderate limitations, in context with plaintiff's physical capacity for no more than sedentary exertion, the vocational expert identified several specific work roles in which Mrs. Sarver could be expected to perform. The court believes that the Administrative Law Judge reasonably relied on the vocational expert's testimony in assessing plaintiff's capacity for alternate work activity. It follows that the Commissioner's final decision denying entitlement to benefits is supported by substantial evidence.

There is conflict in the record as to the severity of Mrs. Sarver's fibromyalgia, and generalized pain complaints. Her family doctor, as well as her treating rheumatologist, have

submitted opinions indicating that Mrs. Sarver is unable to perform any regular and sustained work activity. However, the court must agree with the Administrative Law Judge's determination that the reports from these two physicians, Dr. Howard and Dr. Lemmer, are not overly remarkable in terms of clinical findings. In this case, there are no objective studies which support a finding of significant musculoskeletal defect. While both Dr. Howard and Dr. Lemmer believe that plaintiff's complaints are consistent with a diagnosis of fibromyalgia, neither doctor has produced physical findings which would support the notion that plaintiff is disabled for all forms of work. Moreover, the Administrative Law Judge relied on a consultative examination performed by Dr. Gary Craft on July 15, 2008. After a thorough examination, Dr. Craft produced findings which indicate that plaintiff does not experience significant manipulative, workplace, or environmental limitations, though she was said to have minimal postural limitations. (TR 202). Considering all the medical evidence of record, especially the paucity of significant physical findings and clinical signs, the court must conclude that the Law Judge reasonably determined that plaintiff retains sufficient functional capacity for sedentary exertional activity.

As suggested above, the medial record pertaining to plaintiff's psychological treatment presents somewhat more challenging issues. It seems that Mrs. Sarver began treatment with Dr. Joseph H. McVoy, a psychologist, on August 17, 2009. Plaintiff complained of longstanding anxiety with panic attacks of increasing frequency. Dr. McVoy began treating Mrs. Sarver on a monthly basis. The psychologist diagnosed anxiety since childhood with increased occurrence of panic episodes and manifestations of agoraphobia. Dr. McVoy determined to treat Mrs. Sarver through pharmaceutical measures and therapy sessions. On February 15, 2010, Dr. McVoy completed a mental impairment questionnaire. The psychologist assessed plaintiff's lowest GAF over the prior

year as 52, with a current GAF of 55.[2]   Dr. McVoy noted marked restriction of activities of daily living and social functioning.  He reported moderate deficiencies in concentration, persistence, or pace.

As outlined above, the Administrative Law Judge ultimately determined that plaintiff's nonexertional manifestations are no more than moderate in overall severity.  The court must conclude that this assessment is supported by substantial evidence.  The court notes that none of the other medical practitioners reported serious and disabling emotional limitations.  Perhaps more importantly, Dr. McVoy assessed plaintiff's GAF in the 50s, a clear indication of no more than moderate limitation in functional capacity.  While Dr. McVoy ultimately credited Mrs. Sarver's symptoms, and apparently based his assessment of her work-related emotional limitations on her subjective complaints, the court believes that the Administrative Law Judge reasonably discounted the opinion evidence.  As noted by Dr. McVoy, most of plaintiff's symptoms of anxiety and panic disturbance have persisted throughout her life, even during those times in which she was productively employed.  Even assuming that these symptoms have vocational impact, the court finds that the evidence supports the determination of no more than moderate work-related emotional difficulties.

When asked to consider that plaintiff is limited to sedentary exertion, and that she experiences no more than moderate work-related emotional limitations, the vocational expert opined that Mrs. Sarver could be expected to perform several specific sedentary work roles existing in significant number in the national economy.  (TR 51-52).  It appears to the court that the vocational

---

[2] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A GAF score of between 51 and 60  is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning.  American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 47 (4th ed. text rev. 2000).

expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the medical record. The court believes that the Law Judge properly relied on the vocational expert's testimony in determining that Mrs. Sarver retains sufficient functional capacity to perform specific sedentary work roles. Accordingly, the court concludes that the record supports the determination that plaintiff is not disabled within the meaning of the Social Security Act. It follows that the Commissioner's final decision in this case must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Mrs. Sarver is free of pain and anxiety. Indeed, the medical record confirms that she suffers from arthritic complaints which can be expected to affect her capacity for work. However, the court believes that the Administrative Law Judge reasonably considered such limitations in concluding that plaintiff is disabled for anything more than sedentary levels of work. As for her anxiety and panic attacks, it must again be noted that Mrs. Sarver actually engaged in regular work activity for many years, despite experiencing the same symptoms. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. Indeed, especially as regards her physical capacity, the court believes that the Law Judge gave Mrs. Sarver the benefit of the doubt. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the

Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by

substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws

v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of

record.

DATED: This ___20th___ day of March, 2013.

_____
Chief United States District Judge

8